SHORES, Justice.
This appeal presents the single issue of whether a State of Alabama agency has *925 the authority to negotiate for the lease of real property or must lease real property pursuant to the competitive bid law, Ala. Code 1975, § 41-16-1 et seq. The trial court held that the State may lease real estate by negotiated lease. We affirm.
The evidence is undisputed that the Alabama Department of Conservation and Natural Resources owns real property in Baldwin County, known as the “Alabama Point Property.” After advertising in the Mobile Press Register newspaper for four consecutive weeks for proposals for the lease of the property, and having received proposals from five applicants, the Department leased it to Jim Brown, Inc., who agreed to make certain capital improvements on the property.
On October 26, 1992, Cotton Bayou Association, Inc., filed a complaint against the Department, Jim Brown, Inc., and other named defendants,[1] alleging that the competitive bid law required the Department to obtain bids before leasing the property. The complaint sought a temporary restraining order, a permanent injunction, and declaratory relief against the defendants. The case was transferred to Montgomery County. After preliminary motions, Judge Charles Price held a final hearing on the merits on December 16, 1992, in the circuit court. Judge Price issued his final order on December 21, 1992, in which he ruled in favor of the defendants, as follows:

“FINAL ORDER

“This matter having come before the Court on the Plaintiffs’ Verified Complaint for Injunctive and Declaratory Relief, originally filed in the Circuit Court for Baldwin County, Alabama, on or about October 26, 1992, venue having been transferred to Montgomery County Circuit Court by order of the Court of November 4, 1992; the Court hereby rules in favor of the Defendants, as set out below.

“FINDINGS OF FACT

“The Court finds that the State of Alabama, Department of Conservation and Natural Resources, by instrument dated April 10,1992, leased a portion of certain real property which it owned, known as the ‘Alabama Point Property,’ to Jim Brown, Incorporated. This lease was executed pursuant to negotiations between the State of Alabama, Department of Conservation and Natural Resources, and Jim Brown, Incorporated.

“CONCLUSIONS OF LAW

“This Court holds that there are no legal requirements requiring this property to be leased by competitive bid. There are no requirements to be found in Section 41-16-1 et seq., of the Code of Alabama 1975, which require the State of Alabama, Department of Conservation and Natural Resources, to lease this property pursuant to competitive bids. The law in Alabama is clear that the State may lease real estate by a negotiated lease. As the Alabama Supreme Court said in the case of Finch v. State, 271 Ala. 499, 124 So.2d 825 (1960):
“ ‘Within constitutional limitations, the legislature has the power to provide for the leasing of State property, the length of the term for which leases may be made, and the general policy relating thereto.
[[Image here]]
“ ‘... It is also within the legislative prerogative to spell out the consideration for which such property may be leased and the general policies relating to such leases. The courts cannot do these things.’
“Id., 271 Ala. at 501, 504, 124 So.2d at 827, 830. See also Alabama ex rel. Flowers v. Kelley, 214 F.Supp. 745, affirmed, Tri-State Corp. v. Alabama, 339 F.2d 261 ([5th Cir.] 1964).
“Therefore, it is ORDERED, ADJUDGED, and DECREED that the Plaintiffs’ request for injunctive relief is DE *926 NIED, and this Court issues a DECLARATORY JUDGMENT that the State of Alabama, Department of Conservation and Natural Resources, fully complied with all requirements of law.
“JUDGMENT is therefore rendered in favor of Defendants, with all costs to be assessed against the Plaintiffs.
“DONE and ORDERED this 21 day of Dec. 1992.
“/s/ CHARLES PRICE, CIRCUIT COURT JUDGE”
We have carefully examined the record and the law in this matter, and we hold that the judgment of the trial court is due to be affirmed and that the order of the trial court dated December 21, 1992, is adopted as the holding of this Court. The competitive bid law does not apply to these facts. The statute requires that contracts for “labor, services or work or ... the purchase or lease of materials, equipment, supplies or other personal property, involving $5,000.00 or more” be let by competitive bids. § 41-16-20.
AFFIRMED.
HORNSBY, C.J., and MADDOX, HOUSTON and KENNEDY, JJ., concur.

. Additional defendants named were the State of Alabama; Governor Guy Hunt; and James Martin, Commissioner of the Alabama Department of Conservation and Natural Resources.